UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIERRA ROCHA                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )       Civil Action No.: 8:26-cv-1735
                                          )
BATCHELOR ENTERPRISES, INC.               )
d/b/a BEEF O BRADY'S                      )
                                          )
    Defendant.                        )
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Sierra Rocha (hereinafter "Rocha" or "Plaintiff"), through her undersigned counsel, and files her Complaint and Demand for a Jury Trial against Defendant, Batchelor Enterprises, Inc. d/b/a Beef O Brady's (hereinafter "Defendant"), and in support states as follows:

## NATURE OF THE ACTION

1.     This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq.*, *as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. §§ 2000e *et seq.* (hereinafter the "PWFA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADAAA") to redress Defendant's unlawful

employment practices, including Defendant's unlawful discrimination and retaliation against Plaintiff because of her sex, pregnancy, and disability.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII, the PWFA, and the ADAAA.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

4.     Plaintiff is a citizen of the United States, and is and was, at all times material, a resident of the State of Florida and resided in Pasco County.

5.     Defendant is authorized to conduct business in the State of Florida and does business in Pasco County.

6.     Defendant does business in this judicial district, and Plaintiff worked for Defendant at both its 7833 Gall Blvd., Zephyrhills, Florida 33541 and 14136 7th St, Dade City, Florida 33525 locations.

## PROCEDURAL REQUIREMENTS

7.     Plaintiff has complied with all statutory prerequisites to filing this action.

8.    On or about January 16, 2025, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), alleging discrimination and retaliation based on her pregnancy and disability.

9.    Plaintiff's discrimination charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10.   On March 20, 2026, upon her request, the EEOC issued Plaintiff a Notice of Right to Sue.

11.   This Complaint was filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue, satisfying the requirements of 42 U.S.C. § 2000e5(f)(1).

### FACTUAL ALLEGATIONS

12.   Defendant operates as a family-friendly, Irish-themed sports pub and restaurant chain that markets itself as a community gathering place where families and local patrons can enjoy food, beverages, and televised sporting events in a welcoming and inclusive atmosphere.

13.   Plaintiff applied for Defendant for a Server position on August 29, 2024, and began working for Defendant on September 4, 2024.

14.   After learning of her pregnancy in or around mid-September of 2024, Plaintiff promptly informed General Manager Shannon Wood, Front House

Manager Emily Stagemyer, Shift Lead Nicole, as well as co-owners Tina Batchelor and Stephanie Batchelor.

15. After disclosing her pregnancy, Plaintiff was informed by Emily Stagemyer and Shift Lead Veronyka Dahl not to discuss her pregnancy with any employees.

16. In or around October of 2024, Plaintiff was diagnosed with preeclampsia, diabetes, and hypertension, placing her at high risk. These conditions were compounded by concerns regarding fetal growth and other pregnancy-related complications, which created a medically high-risk pregnancy requiring strict monitoring and limitations.

17. As a result of this, healthcare providers imposed medical restrictions including directives to avoid heavy lifting, prolonged standing, and excessive stress.

18. Plaintiff's pregnancy-related conditions substantially limited major life activities, including lifting, standing, walking, bending, sleeping, and working. Plaintiff's medical conditions, combined with the physical demands of her job, placed her pregnancy at serious risk on a daily basis due to physically demanding tasks required throughout her shifts.

19. Plaintiff promptly notified Emily Stagemyer and Veronyka Dahl of her diagnosis and need for medical accommodation.

20.     Plaintiff requested workplace modifications including restrictions on heavy lifting, prolonged standing, additional breaks, and accommodations related to monitoring her blood pressure and blood sugar. Despite these requests, no meaningful or effective accommodations were implemented to permit her to perform her job safely.

21.     Plaintiff also informed Tina Batchelor of her diagnosis and need for medical accommodations and asked whether any medical paperwork was required, to which Tina Batchelor responded that no medical documentation was needed.

22.     Despite being aware of Plaintiff's high-risk pregnancy and need for medical accommodations, management continued assigning Plaintiff physically demanding tasks, including cleaning bathrooms, mopping floors, lifting heavy dish trays and trash bags, and carrying ice buckets, handling bus tubs, and working in confined areas involving cleaning chemicals with limited ventilation.

23.     Plaintiff repeatedly informed management and ownership that she was unable to perform these tasks due to her high-risk pregnancy; however, her requests for accommodation were not addressed.

24.     Additionally, Plaintiff informed management that, due to her pregnancy, she could no longer work 10–12 hour shifts or double shifts on weekends, and requested not to be assigned tasks involving mixing bleach and vinegar in confined, poorly ventilated spaces.

25. In response to Plaintiff's requests for medical accommodations, management transferred Plaintiff from the Dade City restaurant to the Zephyrhills restaurant and assigned her to weekend double shifts lasting approximately 12 to 14 hours, allegedly on the basis that no other employees were available to work weekends. This scheduling decision disregarded her pregnancy-related limitations and failed to account for her medical restrictions.

26. Furthermore, Lead Servers engaged in hostile conduct, including bullying and verbal confrontations; when Plaintiff reported such conduct to management and ownership, her complaints were dismissed or ignored.

27. While reasonable accommodations were feasible within the work environment, including shorter shifts, reassignment to less physically demanding duties such as silverware or lighter side work with assistance, additional breaks, and modified scheduling, management failed to engage in any meaningful discussion regarding potential accommodations, alternative duties, or modifications that would have allowed her to continue working safely, despite repeated inquiries.

28. Management's failure to maintain consistent oversight, coupled with its reliance on seniority and informal exceptions, resulted in non-pregnant employees receiving more favorable treatment with respect to scheduling, work assignments, and job duties, while Plaintiff was subjected to disproportionately burdensome conditions. Similarly situated employees were afforded greater flexibility and

preferential treatment that was not extended to Plaintiff despite her pregnancy-related medical restrictions and accommodation needs.

29.     Plaintiff never refused work assignments, even when she believed they were unsafe or inconsistent with her medical restrictions, because she feared losing her job.

30.     Plaintiff repeatedly complained that she was being treated unfairly on the basis of her pregnancy, medical condition, and accommodation requests.

31.     In one instance, a Server acted aggressively toward Plaintiff in connection with work assignments and workload distribution. Plaintiff reported the incident and her concerns to management after being required to complete both her own assigned section and that of another employee who refused to perform side work or additional duties.

32.     Complaints following this were made to Tina Batchelor, Shannon Wood, and Emily Stagemyer.

33.     Following Plaintiff's complaints and requests for medical accommodations, Plaintiff was subjected to changes in scheduling, increasing hostility in the workplace, and continued adverse treatment by management and coworkers.

34.     On or about November 11, 2024, Plaintiff spoke with Shannon Wood and expressed that she was overwhelmed by the physically demanding nature of the

work and the lack of assistance from coworkers. Plaintiff reiterated that she was unable to continue under the current conditions and again requested reasonable accommodation.

35. In response, Shannon Wood informed Plaintiff that she would discuss the matter with Tina Batchelor.

36. Then, on or around November 12, 2024, Todd Batchelor contacted Plaintiff and terminated her employment.

37. At no time was Plaintiff informed of, subjected to, or made aware of any customer complaints, performance deficiencies, disciplinary actions, or attendance-related infractions.

38. Shortly after Plaintiff's termination, she was hospitalized due to severe pregnancy-related complications, which were exacerbated by the stress, anxiety, and emotional distress arising from her employment and Defendants' conduct.

39. Defendant's conduct caused significant medical harm and substantially exacerbated her pregnancy-related complications, including her hypertension and other high-risk conditions. As a result, Plaintiff suffered serious medical consequences, including a premature delivery at approximately 27 weeks gestation. Plaintiff further alleges that the worsening of her condition contributed to the loss of her newborn child.

40.    As a result of Defendant's unlawful conduct, Plaintiff has suffered damages.

41.    Plaintiff has retained legal counsel and has agreed to pay reasonable attorneys' fees.

### Count I: Pregnancy Based Discrimination, in Violation of Title VII as amended by the Pregnancy Discrimination Act of 1978

42.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

43.    At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's pregnancy.

44.    Plaintiff was qualified for her position and capable of performing the essential functions of her job.

45.    Defendant is prohibited under Title VII from discriminating against Plaintiff because of her pregnancy, with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46.    Defendant violated Title VII by treating Plaintiff differently compared to similarly situated non-pregnant employees.

47.    Defendant violated Title VII by discharging and discriminating against Plaintiff based on her pregnancy.

48.    Defendant's actions were motivated by discriminatory animus toward Plaintiff because of her pregnancy.

49.     Plaintiff has been damaged by Defendant's illegal conduct.

50.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

51.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of Title VII

52.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

53.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

54.     Defendant's conduct violates Title VII.

55.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by involuntarily terminating Plaintiff's employment.

56.     Plaintiff has been damaged by Defendant's illegal conduct.

57.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

58.    Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count III: Pregnancy Discrimination in Violation of the Pregnant Workers Fairness Act

59.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

60.    At all relevant times, Plaintiff was in a protected category under the PWFA because of her pregnancy.

61.    Plaintiff was a qualified employee with a known pregnancy and able to perform the essential functions of her position with reasonable accommodations.

62.    Defendant was aware of Plaintiff's pregnancy and her need for reasonable accommodations.

63. Defendant failed and refused to provide reasonable accommodations to Plaintiff, in violation of the PWFA.

64. Defendant failed to engage in a good-faith interactive process to identify and implement reasonable accommodations.

65. Defendant's conduct violated the PWFA's prohibition against discriminating, retaliating, or taking adverse action against an employee because she requested or required reasonable accommodations for her pregnancy.

66. Defendant's discriminatory conduct, in violation of the PWFA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

67. Plaintiff has been damaged by Defendant's illegal conduct.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of PWFA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful conduct in violation of PWFA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the Pregnant Workers Fairness Act

70.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

71.     Plaintiff engaged in protected activity under PWFA while employed by Defendant.

72.     Defendant's conduct violates PWFA.

73.     Defendant retaliated against Plaintiff for engaging in protected activity under the PWFA by involuntarily terminating Plaintiff's employment.

74.     Plaintiff has been damaged by Defendant's illegal conduct.

75.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of PWFA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

76.     Defendant's unlawful conduct in violation of PWFA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count V: Disability Based Discrimination in Violation of the ADAAA

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

78. Plaintiff is a qualified individual with a disability as defined by the ADAAA, in that Plaintiff has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

79. At all relevant times, Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

80. Defendant was aware of Plaintiff's disability or perceived Plaintiff as disabled.

81. Plaintiff was subjected to one or more adverse employment actions, including but not limited to termination, demotion, or other materially negative treatment, because of Plaintiff's actual or perceived disability.

82. Plaintiff was treated less favorably than similarly situated employees outside of the protected class.

83. Defendant's conduct violates the ADAAA.

84. Plaintiff has been damaged by Defendant's illegal conduct.

85. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional

distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

86.    Defendant's unlawful conduct in violation of ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

**Count VI: Failure to Accommodate in Violation of the ADAAA**

87.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

88.    Plaintiff's disability was known to Defendant or Plaintiff requested a reasonable accommodation that would have enabled her to continue performing her job duties.

89.    Defendant failed to engage in an interactive process as required under the ADAAA or otherwise failed to provide a reasonable accommodation despite being able to do so without undue hardship.

90.    Defendant discriminated against Plaintiff because of her disability and/or need for accommodation, including but not limited to subjecting Plaintiff to disparate treatment, denying accommodation, and/or terminating Plaintiff's employment.

91.    Defendant's conduct violates the ADAAA.

92.    Plaintiff has been damaged by Defendant's illegal conduct.

93.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

94.    Defendant's unlawful conduct in violation of ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count VII: Retaliation in Violation of the ADAAA

95.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

96.    Plaintiff engaged in protected activity under ADAAA while employed by Defendant.

97.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADAAA by involuntarily terminating Plaintiff's employment.

98.     After Plaintiff engaged in protected activity, Defendant took adverse employment actions against Plaintiff.

99.     There is a causal connection between Plaintiff's protected activity and the adverse actions taken by Defendant.

100.    Defendant's conduct violates ADAAA.

101.    Plaintiff has been damaged by Defendant's illegal conduct.

102.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

103.    Defendant's unlawful conduct in violation of ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Declare that the acts, practices, and omissions of Defendant as set forth herein violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C §§ 2000e, *et seq.*, *as amended* by the Pregnancy Discrimination Act of 1978 ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. §§ 2000e *et seq.* (the "PWFA"); and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADAAA");

      b)     Award Plaintiff all lost wages, benefits, and employment opportunities resulting from Defendant's discriminatory conduct, with pre-judgment interest;

      c)     Reinstate Plaintiff to her former position with all pay and benefits, or in the alternative, award front pay in lieu of reinstatement;

      d)     Award Plaintiff compensatory damages for emotional distress, pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, pursuant to Title VII, the PWFA, and the ADAAA;

      e)     Award punitive damages under Title VII, the PWFA, and the ADAAA for Defendant's intentional and malicious conduct;

      f)     Award Plaintiff reasonable attorney's fees, costs of suit, and litigation expenses pursuant to Title VII, the PWFA, and the ADAAA ;

      g)     Award pre-judgment and post-judgment interest as allowed by law;

      h)     Any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Florida Bar No. 117917
eric.rogers@spielbergerlawgroup.com
Clark P. Newby
Florida Bar No. 1064514
clark.newby@spielbergerlawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd. Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

***ATTORNEYS FOR PLAINTIFF***